# MEMORANDA

# CASES NOT REPORTED IN FULL.

---

## JAMES BROWN, Respondent, v. EDWIN POST, Appellant.

*Agent—purchase of principal's property by—fraudulent representations—discovery of—active vigilance—not required.*

Plaintiff was the owner of certain mining property, of which the defendant, as his agent, had the care and management. Being desirous of disposing of the same, he entered into an agreement with defendant, whereby he was to convey the Irondale and Denmark mines, and a note made by one Condit, to defendant for $201,000. Plaintiff was induced to enter into this agreement by the representations of defendant, that the Irondale mine could be sold to one Popenhausen for $100,000; it being distinctly understood between the parties that the defendant would realize the sum of $25,000 for his services in making the sale and no greater sum. At the time this agreement was entered into, defendant had already contracted to sell the Irondale mine to Popenhausen for nearly $200,000. Plaintiff, in ignorance of this fact, conveyed the Irondale mine to defendant in pursuance of the agreement, and he conveyed it to Popenhausen, receiving nearly $200,000 for it. Subsequently plaintiff discovered the fraud and brought this action to have the sale of the Denmark mine canceled, and to recover the difference between the price for which the defendant sold the Irondale mine and the amount paid by him as the purchase-price of it, including the expenses attending the sale and completion of the title and a compensation to him of $25,000. *Held*, that he was entitled to recover; that before the defendant could lawfully become the purchaser of the property which constituted the subject of his agency, his relations to it required that he should fully and fairly disclose to his principal all the facts which were known to him that could be supposed to affect the terms on which it might be proper to dispose of it.

In order to sustain such a transaction and secure the sanction of a court of equity for it, the agent must be able to show it to be fair and honest, and to have been preceded by the disclosure of what he had ascertained or discovered concerning its value and propriety, where the principal has not dispensed with the performance of that duty.[*]

[*] Ringo v. Binns, 10 Peters, 269; Farman v. Brooks, 9 Rich., 213, 231; Story's Equity Jur., 9th ed., §§ 315, 316 a.

Before the deed for the Irondale mine was received by the purchaser, intimations were given to the plaintiff's counsel that the defendant had sold the property for more than the plaintiff supposed he was receiving, but, upon a partial investigation being made, the suspicion created by such intimations, was removed. A more decided investigation might have led to a discovery of the truth before the deed was delivered. *Held*, that the plaintiff was under no obligation to the person deceiving him to make such investigation.\* A person deceived by the fraudulent misstatements of another, owes him no duty of active vigilance in the discovery of the fact that they are false; where, by means of. that character, he deceives another to his prejudice, there is nothing in the law requiring him to be protected against the consequence of his wrong, because the person imposed upon, did not suspect him and adopt some means to discover the imposition.

Appeal from a judgment in favor of the plaintiff, entered upon the report of a referee.

*John E. Burrill*, for the appellant.

*Clarkson N. Potter and James P. Lowrey*, for the respondent.

Opinion by Daniels, J.

Davis, P. J., and Westbrook, J., concurred.

Judgment affirmed, with costs.